UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lisimba Patilla,   Case No. 3:20-cv-00087

        Plaintiff

v.   ORDER

Freudenberg-NOK General Partnership,

        Defendant

## I. INTRODUCTION AND BACKGROUND

On December 16, 2020, I conducted a telephone status conference with counsel for the parties. During this conference, counsel informed me that despite their efforts to resolve the issue without court intervention, they have reached an impasse regarding a discovery dispute. I gave the parties the opportunity to submit their positions in writing, via email, and ordered them to continue attempting to resolve the matter without court intervention. Because they were unable to do so, I resolve it here.

Plaintiff Lisimba Patilla seeks the sales performance data of certain employees of Defendant, Freudenberg-NOK General Partnership, as part of his discovery in support of his claims for race discrimination and retaliation in violation of Title VII and Ohio law. Freudenberg-NOK opposes production of this information on the grounds that it is not relevant, at least not until Plaintiff has proven certain other facts. Instead of producing this information, Freudenberg-NOK offered to stipulate to the fact that Patilla's sales performance had nothing to do with his termination. For the

reasons that follow, I find Patilla is not entitled to an order compelling production at this time, but I leave the question open pending further development of the record.

## II. STANDARD

Federal Rule of Civil Procedure 26(b)(1) states the permissible scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

Because the dispute turns on whether the information Patilla seeks is relevant, I begin by examining what Patilla must prove to prevail on his claims for race discrimination and retaliation in violation of Title VII and Ohio law. Because Title VII case law is "generally applicable" to claims asserted under Ohio Revised Code § 4112.02, his federal and corresponding state law claims can be analyzed under the same standard. *See Plumbers & Steamfitters Joint Apprenticeship Comm. V. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981).

A plaintiff can prove racial discrimination in one of two ways: direct evidence or circumstantial evidence. Because Patilla's complaint alleges facts which, if proven, would constitute circumstantial evidence of discrimination, the burden-shifting framework from *McDonnell Douglas* and its progeny would govern his claim. *See Tennial v. United Parcel Serv.*, 840 F.3d 292, 303 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Thus, the burden of production is first on Patilla to put forth a *prima facie* case of discrimination. *St. Mary's Honor Ctr v. Hicks*, 509 U.S. 502, 506 (1993) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)).

Patilla argues the requested information is relevant to showing that he was treated less favorably than similarly situated employees, which is one of the showings he would be required to make to establish a *prima facie* case of discrimination. But for this to be the case, the individuals whose sales performance he seeks would have to be *similarly situated*. While a plaintiff is "not required to demonstrate an exact correlation between himself and others similarly situated," they are still required to show they and their proposed comparators are "similar in all relevant respects." *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 751 (6th Cir. 2012) (abrogated on other grounds by *Ragland v. BM2 Freight Services, Inc.*, 824 F. App'x 386 (6th Cir. 2020). And at this point in the litigation, there is nothing in the record to support the conclusion that the individuals whose sales performance Patilla seeks production of are similarly situated in any respect beyond working within the same team as Patilla. For example, there is no indication that these other individuals engaged in conduct similar to Patilla's and were not punished for it. Should Patilla find more information during the course of discovery that can serve as the basis for finding that some of these individuals are similarly situated, he is free to pursue the sales performance data pertaining to those individuals at a later time.

### IV.   CONCLUSION

Because Patilla has not yet shown how the individuals whose sales performance data he seeks production of are similarly situated, I will not compel production of the information Patilla seeks at this time.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge