UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lisimba Patilla,                                        Case No. 3:20-cv-87

            Plaintiff,

v.                                                     ORDER

Freudenberg-NOK General
Partnership,

            Defendant.

On October 4, 2022, I granted Defendant's motion for summary judgment on all of Plaintiff's claims and dismissed the case. (Doc. No. 20). Defendant then moved for an award of costs pursuant to Federal Rule of Civil Procedure 54(d). (Doc. No. 22). Plaintiff did not oppose the motion.

Rule 54(d)(1) provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "While district courts retain significant discretion, Rule 54(d) 'creates a presumption in favor or awarding costs.'" *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). The losing party has the burden of proving the circumstances to overcome this presumption. *Goostree v. Tennessee*, 796 F.2d 854, 863-64 (6th Cir. 1986) (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). Such circumstances include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Knology*, 460 F.3d at 726-27.

Here, Defendant is the prevailing party and presumptively may receive a cost award. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016) (stating, in discussing what it means to be the prevailing party, that "[t]he defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision"). Plaintiff did not oppose the motion for costs and therefore has not met his burden to identify circumstances that overcome the presumption in favor of awarding costs to Defendant.

"The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987). Still, I must exercise discretion and "allow costs only for materials necessarily obtained for use in the case . . . and in an amount that is reasonable." *Med. Mut. of Ohio v. Air Evac EMS, Inc.*, No. 1:16-cv-80, 2020 WL 13454002, at *2 (N.D. Ohio Sept. 1, 2020) (citation and internal quotation marks omitted).

Defendant is requesting an award of $3,068.55 to cover the costs of obtaining three deposition transcripts. (Doc. Nos. 22 & 22-1). "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are specifically called out as a taxable cost in § 1920(2). 28 U.S.C. § 1920(2). The three depositions for which Defendant is seeking costs were obtained for the case and each was utilized by Defendant in its defense. Further, I conclude the total amount of requested costs is reasonable.

Accordingly, I grant Defendant's motion for an award of costs in the amount of $3,068.55. (Doc. No. 22).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
